UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NORMAN POYDRAS,

    Plaintiff,

Case No. 11-cv-10166

HONORABLE STEPHEN J. MURPHY, III

v.

ONE WEST BANK,

    Defendant.

_____/

**ORDER DENYING MOTION FOR**
**TEMPORARY RESTRAINING ORDER**

    Norman Poydras filed a pro se complaint seeking a temporary restraining order from this Court to prevent eviction from his home at 17350 Pennington, Detroit, Michigan. Oral argument is not needed in this matter. *See* E.D. Mich. LR 7.1(e)(2). For the reasons stated below, the Court will deny the motion.

    A temporary restraining order requires the Court to analyze (1) whether the movant has a strong likelihood of success on the merits; (2) whether the movant would suffer irreparable injury without the injunction; (3) whether issuance of the injunction would cause substantial harm to others; and (4) whether the public interest would be served by issuance of the injunction. *Ohio Republican Party v. Brunner*, 543 F.3d 357, 361 (6th Cir. 2008). Furthermore, under Fed. R. Civ. P. 65(b)(1), the Court can *only* issue a temporary restraining order without notice to the other side if "specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition."

    The Court rests its decision to deny relief on two points. First, Poydras failed to comply with Rule 65(b)(1) in his filings by filing an appropriate affidavit or verified

complaint.  His complaint thus lacks the sort of specific factual showing needed to enjoin action without notice to the other side.  Second, even if Poydras had filed such an affidavit, his action has little to no likelihood of success on the merits.   Under the *Rooker-Feldman* doctrine, federal district courts are not permitted to stand in review over state court judgments unless explicitly given authority to do so by statute.  *See District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923).  Courts in this district routinely dismiss cases on *Rooker-Feldman* grounds that seek to enjoin or stop foreclosure proceedings.  *See, e.g.*, *Poydras v. West One Bank*, No. 09-11435, 2009 WL 1427396, at *1 (E.D. Mich. May 20, 2009) (citing cases).  Since it is unlikely this Court has the authority to enjoin the eviction proceeding, it must deny the request for a temporary restraining order.

**WHEREFORE**, it is hereby **ORDERED** that Poydras' motion for a temporary restraining order is **DENIED**.

**SO ORDERED**.

s/Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

Dated: January 13, 2011

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on January 13, 2011, by electronic and/or ordinary mail.

Alissa Greer
Case Manager

2