UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NORMAN POYDRAS, JR.,

       Plaintiff,

                                    Case No. 11-10166

v.                                   Hon. Lawrence P. Zatkoff

ONE WEST BANK,

       Defendant.

_____/

**ORDER**

AT A SESSION of said Court, held in the United States Courthouse,
in the City of Port Huron, State of Michigan, on January 21, 2011.

PRESENT: THE HONORABLE LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

**I. INTRODUCTION**

Plaintiff, proceeding *pro se*, filed this case on January 12, 2011, requesting the Court to set

aside a sheriff's deed relating to real property located at 17350 Pennington Drive, Detroit, Michigan

48221, for violating the statutory requirements of a public sale of Plaintiff's property pursuant to

Mich. Comp. Laws § 600.3216.[1]   On January 12, 2010, Plaintiff filed a motion for temporary

restraining order and preliminary injunction [dkt 3].  On January 13, 2010, Judge Murphy denied

Plaintiff's motion for temporary restraining order and preliminary injunction because the Court

lacked federal jurisdiction under the *Rooker-Feldman* doctrine.  The next day Plaintiff filed an

amended motion for temporary restraining order and preliminary injunction [dkt 5].  In his amended

_____

[1]This case was originally assigned to the Honorable Judge Stephen J. Murphy.  On
January 19, 2010, this case was reassigned to the Honorable Judge Lawrence P. Zatkoff.

motion, Plaintiff requests that the Court issue a temporary restraining order and enjoin Defendant from evicting Plaintiff from his residence. The writ of eviction in question was executed by the state district court on December 15, 2010.

## II. ANALYSIS

Federal district courts lack jurisdiction to directly review the judgments of state courts. *See District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923). Courts have consistently applied the *Rooker-Feldman* doctrine to claims requesting review of a state court's eviction and foreclosure proceedings. *See, e.g.*, *Austin v. Countrywide Home Loans*, No. 08-15127, 2008 WL 4954617, at *1 (E.D. Mich. Nov. 18, 2008); *Berry v. Ocwen Loan Servs., LLC*, No. 08-13760, 2008 WL 4648123, at *2 (E.D. Mich. Oct. 21, 2008); *Jones v. Heartland Home Fin. Corp.*, No. 07-14398, 2008 WL 4561693, at *2 (E.D. Mich. Oct. 10, 2008). Therefore, this Court does not have jurisdiction to enjoin this eviction from proceeding. As such, Plaintiff's motion for temporary restraining order and preliminary injunctive relief is denied.

Furthermore, any of Plaintiff's current claims which seek to disturb the state court judgments of foreclosure, possession, or eviction are subject to the *Rooker-Feldman* doctrine. Upon reviewing Plaintiff's pleadings, the Court is unable to discern whether it has jurisdiction over Plaintiff's case. Thus, Plaintiff is to show cause why the Court should not dismiss Plaintiff's case due to the *Rooker-Feldman* doctrine.

## III.  CONCLUSION

Accordingly, and for the above reasons, IT IS HEREBY ORDERED that Plaintiff's motion for temporary restraining order and preliminary injunction [dkt 5] is DENIED.

IT IS FURTHER ORDERED that Plaintiff SHOW CAUSE, in writing, within ten (10) days after entry of this order, as to why the Court should not dismiss Plaintiff's case due to the *Rooker-Feldman* doctrine.  Failure to comply with this order will result in the Court dismissing this case. Plaintiff's response shall contain specific and accurate legal support, including pinpoint citations to authority relied on and shall be limited to ten pages and comply with E.D. Mich. L.R. 5.1

IT IS SO ORDERED.

S/Lawrence P. Zatkoff _____
LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

Dated:  January 21, 2011

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on January 21, 2011.

S/Marie E. Verlinde _____
Case Manager
(810) 984-3290

3